UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>    v.<br><br>SHABNAM DAWN PILISUK,<br><br>            Defendant. | CASE NO. CR22-001 TL<br><br>ORDER ON MOTION FOR REVIEW OF DETENTION ORDER |

   On May 6, 2022, Defendant Shabnam Dawn Pilisuk filed a Motion for Review of Detention Order. Dkt. No. 37. In the motion, Ms. Pilisuk asks the Court for a *de novo* review of the January 13, 2022 detention order issued by Magistrate Judge Paula L. McCandlis. Dkt. No. 29. The Court finds that a hearing is unnecessary. Having conducted a *de novo* review and considered the motion and accompanying documents, Judge McCandlis' order, the audio transcript of the January 13, 2022 detention hearing, the United States' response (Dkt. No. 38), the Supplementary Exhibit (Dkt. No. 41), the Complaint for Violations (Dkt. No. 1), the

ORDER ON MOTION FOR REVIEW OF DETENTION ORDER - 1

Indictment (Dkt. No. 15), and the relevant record, the Court DENIES Ms. Pilisuk's motion and ORDERS her continued detention for the reasons explained below.

## I. BACKGROUND

Defendant Pilisuk faces multiple charges related to her alleged sexual abuse of her son in addition to her alleged possession and production of child sexual abuse material. On January 5, 2022, a grand jury indicted Defendant Pilisuk for the following five crimes: Count 1: Aggravated Sexual Abuse of a Child under Twelve in violation of 18 U.S.C. §§ 2241(c) and 2246(2); Count 2: Production of Child Pornography in violation of 18 U.S.C. §§ 2251(a) and 2251(e); Counts 3 and 4: Transportation of a Minor with Intent to Engage in Criminal Sexual Activity in violation of 18 U.S.C. § 2423(a); and Count 5: Possession of Child Pornography in violation of 18 U.S.C. §§ 2252(a)(4)(B) and 2252(b)(2). Dkt. No. 15. In addition, Ms. Pilisuk has been charged with Rape of a Child in the First Degree – Domestic Violence, Rape of a Child in the Second Degree – Domestic Violence, Child Molestation in the First Degree – Domestic Violence, and Child Molestation in the Second Degree – Domestic Violence in King County Superior Court for her abuse of the same victim. Dkt. No. 38-1 at 2; Dkt. No. 38 at 3. There is currently a $500,000 bench warrant for her arrest in the King County Superior Court case. *Id*. The United States also asserts that law enforcement will also be making referrals to local prosecutorial agencies in Nevada and Colorado based on additional acts of sexual abuse committed by Ms. Pilisuk against her son in those jurisdictions. *Id*.

The charges in both cases, as well as the possible referrals, all relate to Ms. Pilisuk's alleged production and distribution of child pornography using her son as a subject over a period of years since he was approximately eleven years old (in addition to the possession of other child pornography). *See* Dkt. No. 1, Dkt. No. 37 at 3, Dkt. No. 38 at 1, and Dkt. No. 38-1 at 7–18. The Complaint for Violations and the Certification for Probable Cause included with the United

States' response detail some of the evidence against Ms. Pilisuk, including various witness statements, physical evidence found in the possession of a witness with sexually explicit photos of Ms. Pilisuk's son, and information connecting the witnesses and evidence to Ms. Pilisuk. Dkt. No. 1; Dkt. No. 38-1 at 7–18. The United States alleges that Ms. Pilisuk "did all this under the guise of 'consent,'" making her son believe he was responsible for what had happened. Dkt. No. 38 at 1. Ms. Pilisuk claims she took a lie detector test and "passed" a polygraph that asked if she had ever had sexual contact with her son or taken nude photos of him from age nine to thirteen. Dkt. No. 37 at 10.

## II.  DISCUSSION

### A.  The Legal Standard

Ms. Pilisuk asks the Court to review the detention order issued by Magistrate Judge McCandlis and to order her pretrial release "on whatever conditions the Court would like to impose" to her home, or to one of two alternative addresses. Dkt. No. 37 at 9. A person who is ordered detained by a magistrate judge "may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order." 18 U.S. Code § 3145(b). The district court is to review such motions *de novo*, "review[ing] the evidence before the magistrate [judge] and mak[ing] its own independent determination whether the magistrate [judge]'s findings are correct, with no deference." *United States v. Koenig*, 912 F.2d 1190, 1191–93 (9th Cir. 1990). *See also United States v. Smith,* No. CR17-0085-JCC, 2017 WL 6550902, at *1 (W.D. Wash. Oct. 2, 2017).

The Bail Reform Act requires the Court to detain a person before trial if the Court finds there are no conditions or combination of conditions that will reasonably assure the appearance of the person as required and the safety of any other person in the community. 18 U.S.C. § 3142(e)-(f). Further, for offenses involving a minor crime victim, such as the charges pending

against Ms. Pilisuk, "[s]ubject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed [the crime]." 18 U.S.C. § 3142(e)(3)(E); *see also, e.g.*, *United States v. Nelson*, No. 21-10313, 2021 WL 6694072, at *1 (9th Cir. Dec. 7, 2021) (affirming district court's pretrial detention order based on a finding that "no condition or combination of conditions will reasonable assure . . . the safety of . . . the community").

In making the determination, a court shall consider the following factors: (1) the nature and circumstances of the offense charged, including whether the offense involves a minor victim; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. 18 U.S.C. § 3142(g).

### B.     The Standard Applied to this Case

#### 1.     Assuring the appearance of Ms. Pilisuk for future proceedings

Ms. Pilisuk contends she is not a flight risk because she was "free on her personal recognizance" in the cause of *State v. Pilisuk*, Case No. 20-1-05080-2 SEA, from July 2020 until she was arrested on December 22, 2021. Dkt. No. 37 at 5. Even though Ms. Pilisuk knew she was facing a charge in the King County case with a standard sentencing range of a minimum of 77-102 months on an indeterminate sentence, she has not attempted to flee the jurisdiction and, instead, has continued working as a data engineer. *Id.* at 2, 6.  Ms. Pilisuk now faces one charge that may carry almost four times the penalty she was facing before (the most serious of these

charges, *i.e.,* Count 1, carries a penalty of imprisonment of not less than thirty years or for life, 18 U.S.C. § 2241(c)), and she has the financial resources to flee if she so desires. *See* Dkt. No. 38 at 5–6. However, given her willingness to turn over her passport and enhanced driver's license to the Court as well as her explanation regarding her aliases, Dkt. No. 37. at 8 (which the United States did not contest and the Court is willing to accept for purposes of this motion), *see* Dkt. No. 38 at 7, the Court is willing to give Ms. Pilisuk the benefit of the doubt on this point and find that she has rebutted the presumption with respect to this ground for detention.

### 2.    Assuring the Safety of Any Other Person in the Community

Pretrial detention is warranted if the Court finds by "clear and convincing evidence" that Ms. Pilisuk poses a danger to specific individuals or to the community at large. 18 U.S.C. § 3142(f). *See also United States v. Gebro*, 948 F.2d 1118, 1121 (9th Cir. 1991). The Court believes that all four factors weigh against Ms. Pilisuk with regard to assuring the safety of the community, establishing by clear and convincing evidence that she poses a danger to her son as well as potential witnesses.

#### a)    *The nature and circumstances of the offense charged*

This factor instructs the court to examine the nature and circumstances of the offense charged and, in particular, whether the offense involves a minor victim. The seriousness of the offenses charged are demonstrated by the consequences for them: nearly every single one carries a mandatory minimum sentence. Ms. Pilisuk faces a mandatory minimum sentence of thirty years imprisonment pursuant to 18 U.S.C. § 2241(c) if convicted of Count 1, a mandatory minimum of fifteen years of imprisonment pursuant to 18 U.S.C. § 2251(e) if convicted of Count 2, and a mandatory minimum of ten years of imprisonment pursuant to 18 U.S.C. § 2423(a) if convicted of Count 3 or 4. Pursuant to 18 U.S.C. § 2252(b)(2), Count 5 carries a potential term of imprisonment of up to twenty years if convicted. Ms. Pilisuk contends that the nature of the

charges are not grounds to detain her because they "are essentially only buttressed by a recent change of story[] from the alleged victim." Dkt. No. 37 at 9. This argument offers a defense against the allegations but does not establish that the crimes, as alleged, are not serious in nature. Further, the charges involve the sexual abuse of a child starting no later than the age of eleven. This factor weighs in favor of continued detention.

### b) The weight of the evidence against Ms. Pilisuk

Ms. Pilisuk is, of course, presumed innocent at this stage of the case and will need to be proven guilty beyond a reasonable doubt should she proceed to trial. However, the standard the Court must apply for the review of a detention order is significantly different and lower than that for conviction. For a detention finding based on the crimes charged in this case, the judicial officer need only have "probable cause to believe that the person committed [the crime]." 18 U.S.C. § 3142(e)(3)(E). The Complaint for Violations and the Certification for Probable Cause included with the United States' response provide significant evidence as well as corroboration that Ms. Pilisuk committed the crimes for which she has been indicted. *See* Dkt. Nos. 1 at 2–20 and 38-1 at 7–18. This factor weighs in favor of continued detention.

### c) Ms. Pilisuk's history and characteristics

Some of Ms. Pilisuk's history and characteristics support her request but others do not. Further, this factor alone is insufficient to counter the other three factors the Court must weigh. Nonetheless, the Court will address this factor.

Ms. Pilisuk understands that pretrial services and Judge McCandlis had concerns with her history of substance abuse. Dkt. No. 37 at 6. With her motion, Ms. Pilisuk submits evidence that she has been in treatment since 2019 and a statement from her counselor that she has been sober for almost two years. *Id.* The United States presents no evidence contradicting Ms. Pilisuk's

contention regarding this issue. The Court concludes that Ms. Pilisuk's past substance use is not a basis for detention.

Ms. Pilisuk also raises the issue of her mental health. She acknowledges her mental health problems are a concern; however, she argues she should be released because of the "woefully deficient" care she is receiving while incarcerated. *Id.* at 6–7. Ms. Pilisuk also contends that the Federal Detention Center (FDC) psychologist "urged her to push her counsel to seek her release" but declined to provide a written statement. *Id.* at 7. While the FDC may not be the ideal forum for receipt of mental health services and the Court is concerned with her receiving proper care, that in and of itself is not grounds for release. Further, Ms. Pilisuk's acknowledged mental health problems raise concerns about her ability to maintain stability in the community. Therefore, her mental health problems weigh in favor of continued detention.

Finally, that the Court assesses whether Ms. Pilisuk's stability in the community and family ties weigh in favor of release. Ms. Pilisuk is fortunate to have friends and family willing to let her live with them and support her. *See id.* at 9. However, the United States argues that (1) Ms. Pilisuk's "stable employment history, lack of criminal history, and substantial financial resources" did not stop her from allegedly raping a young boy; (2) she has shown the ability to manipulate both the boy and other family members; and (3) her compliance with Court orders is poor. Dkt. No. 38 at 5–7. The Court agrees with the United States' contentions and finds Ms. Pilisuk's community and family have potentially enabled her behavior. Therefore, these ties do not support her request for release. *See also infra* Section II.B.2.d.

### d) *The nature and seriousness of the danger to any person or the community that would be posed by Ms. Pilisuk's release*

The primary concerns to be considered with regard to this factor are (1) the safety of Ms. Pilisuk's son should she be released and (2) potential for witness tampering. The Court finds that

ORDER ON MOTION FOR REVIEW OF DETENTION ORDER - 7

the prolonged and sophisticated nature of the alleged conduct in this case demonstrates a serious risk of danger to her son if she is released.

The United States has presented evidence of an alleged pattern of abuse over a multi-year period of a child by an intelligent woman who makes her living as a data engineer. *See* Dkt. No. 37 at 6. Ms. Pilisuk allegedly had the skills to create and operate a website www.communityincest.com for which users needed to create usernames and passwords to access the content, Dkt. No. 38-1 at 7, and she allegedly used encrypted messaging to upload pictures that would delete after a certain period of time. *Id.* at 16. Pretrial Services reports that Ms. Pilisuk has multiple computers and smart phones in her residence, which includes one work computer. She does not have access to install new software on her work computer and, understandably, was hesitant to have her employer notified of the pending charges.

In addition, she was held in contempt of an order of the Snohomish County Superior Court that required she not "facilitate, enable, encourage, or allow contact between the child and stepfather Joshua Pilisuk." Dkt. No. 41; Dkt. No. 41-2 at 2. Ms. Pilisuk argues she did not violate any court order because her husband, Joshua Pilisuk, "was not prohibited from [contacting her son] by any lawful court order." Dkt. No. 37 at 7–8. The Court understands her position that she cannot necessarily control her husband (and the Court notes that her husband "reported fewer computers in the residence than she did to Pre-Trial Supervision, namely of [Ms.] Pilisuk's [personal] computer," Dkt. No. 38 at 7). However, the issue regarding this order and Ms. Pilisuk's behavior while out on her personal recognizance is that she is alleged to have attempted to encourage others "to align their accounts to support her claim of innocence." Dkt. No. 38 at 7. Of particular concern to the Court is the report by her son that "we had a family meeting to get our story straight when she was notified the authorities were potentially investigating her." Dkt. No. 38-1 at 14. Ms. Pilisuk was "very anxious that people were listening to [them] through the

ORDER ON MOTION FOR REVIEW OF DETENTION ORDER - 8

Google home in the house" and "unplugged everything" when they had the family meeting. *Id.* Ms. Pilisuk allegedly spoke—or strongly hinted—to her son about the statute of limitations. Her son reported, "if I could keep it a secret for ten years then I could talk about it. I don't know if she said this explicitly, but she was saying that the SOL makes it so someone cannot get charged after 10 years." *Id.*

Again, while the Court understands that Ms. Pilisuk maintains her innocence, the standard for the review of a detention order is merely probable cause, and the Court finds probable cause that the alleged crime involved a sophisticated pattern of abuse and that there is probable cause to believe that Ms. Pilisuk may have attempted to tamper with witnesses. Pretrial services recommended Ms. Pilisuk be detained. The Court is concerned with the possibility of further witness tampering, especially given Ms. Pilisuk's computer skills, which include the knowledge of how to evade detection. The Court has serious concerns as to the ability of pretrial services to sufficiently monitor Ms. Pilisuk's online activities given the specific circumstances raised in this case and the recommendation of detention by pretrial services. The nature and seriousness of the danger to the community that would be posed by Ms. Pilisuk's release weighs in favor of detention.

### III.   CONCLUSION

The Court has reviewed this matter on a *de novo* basis. The Court finds that Ms. Pilisuk has successfully rebutted the presumption that no condition or combination of conditions will reasonably assure her appearance for future proceedings. The Court also finds that Ms. Pilisuk's substance abuse history, possession of a passport with a history of foreign travel and enhanced identification card, and use of aliases are not grounds for detention. However, putting those factors aside, the Court finds that there is probable cause to believe that she committed the crimes with which she is charged and that Ms. Pilisuk fails to rebut the presumption that no

condition or combination of conditions will reasonably assure the safety of the community. Collectively considering the four factors it is required to consider, the Court finds by clear and convincing evidence that the totality of the factors weigh against release with regard to the safety of the community. The Court and accordingly DENIES Defendant's Motion for Review of Detention Order.

Dated this 3rd day of June 2022.

Tana Lin
United States District Judge