UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>SHABNAM DAWN PILISUK,<br><br>　　　　　　　Defendant. | CASE NO. CR22-001 TL<br><br>ORDER ON MOTION FOR RELEASE |

On January 2, 2023, Defendant Shabnam Dawn Pilisuk filed a Motion for Release. Dkt. No. 51. Having reviewed and considered the relevant record—including Ms. Pilisuk's motion and accompanying exhibit, the United States' response and accompanying exhibit (Dkt. No. 59), and the Second Supplemental Pretrial Services Report (Dkt. No. 68)—the Court DENIES Ms. Pilisuk's motion and ORDERS her continued detention for the reasons explained below.

Ms. Pilisuk faces multiple charges related to her alleged sexual abuse of her son in addition to her alleged possession and production of child sexual abuse material. The Court assumes familiarity both with the facts of the case as well as the Court's previous Order on Ms.

Pilisuk's first request for a review of the detention order. Dkt. No. 43. To aid the Court in evaluating the claims raised in Ms. Pilisuk's motion, the Court requested the United States Probation Office to conduct a supplemental investigation and file a supplemental report with its findings. Dkt. No. 58. The supplemental pretrial report was filed on January 11, 2013. Dkt. No. 68.

For criminal offenses involving a minor victim, such as the charges pending against Ms. Pilisuk: "Subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed [the crime]." 18 U.S.C. § 3142(e)(3)(E); *see also, e.g.*, *United States v. Nelson*, No. CR21-10313, 2021 WL 6694072, at *1 (9th Cir. Dec. 7, 2021) (affirming district court's pretrial detention order based on a finding that "no condition or combination of conditions will reasonably assure . . . the safety of . . . the community"). In reviewing the factors under 18 U.S.C. § 3142(g), the Court previously found that Ms. Pilisuk failed to rebut the presumption that no condition or combination of conditions will reasonably assure the safety of the community. Dkt. No. 43 at 5–10.

While not labeled as such, Ms. Pilisuk's current motion essentially asks the Court to reconsider its detention order. Motions for reconsideration are disfavored and are ordinarily denied "in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to [the Court's] attention earlier with reasonable diligence." CrR 12(b)(13)(A).

Ms. Pilisuk's motion claims no manifest error with the Court's prior Order and raises no new facts or legal authority to rebut the presumption that no condition or combination of conditions will reasonably assure the safety of the community. *See* Dkt. No. 51. Her motion

ORDER ON MOTION FOR RELEASE - 2

focuses solely on her own health and how she is unable to receive her desired level of healthcare while incarcerated. *Id.* at 3–4. In addition, a motion for release is not the appropriate manner for Ms. Pilisuk to address issues she may have with healthcare services she is receiving while in confinement. Finally, while the Court is sensitive to her concerns, the Court also understands that the jail is making accommodations for Ms. Pilisuk where possible, including increasing the frequency with which she will receive certain services. Dkt. No. 68 at 3–4, 6.

For the reasons stated herein, the Court DENIES Defendant's Motion for Release (Dkt. No. 51).

Dated this 17th day of January 2023.

Tana Lin
United States District Judge