1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9
10
11

UNITED STATES OF AMERICA,

Plaintiff,

v.

SHABNAM DAWN PILISUK,

Defendant.

CASE NO. CR22-001 TL

ORDER GRANTING
GOVERNMENT'S MOTION TO
ADMIT EVIDENCE UNDER FRE
404(B) AND 414

(PROVISIONALLY FILED UNDER
SEAL)

12
13
14
15
16
17
18
19
20
21
22
23
24

This matter comes before the Court on the Government's motion to admit, under Federal Rules of Evidence ("FRE") 404(b) and 414, evidence of Defendant Shabnam Dawn Pilisuk's sexualized interest in children (Dkt. No. 55) at her upcoming criminal trial. Ms. Pilisuk is charged with various offenses related to sexual abuse and production of child pornography of a minor ("MV1") as well as possession of pornography featuring other children. Having reviewed the relevant record and governing law, the Court GRANTS the motion.

# I.   BACKGROUND

A grand jury has charged Ms. Pilisuk with the following crimes: (1) Count 1: Aggravated Sexual Abuse of a Child Under Twelve in violation of 18 U.S.C. §§ 2241(c) and 2246(2); (2) Count 2: Production of Child Pornography in violation of 18 U.S.C. §§ 2251(a) and 2251(e); (3) Counts 3 and 4: Transportation of a Minor with Intent to Engage in Criminal Sexual Activity in violation of 18 U.S.C. § 2423(a); and (4) Count 5: Possession of Child Pornography in violation of 18 U.S.C. §§ 2252(a)(4)(B) and 2252(b)(2). Dkt. No. 15 (indictment). Ms. Pilisuk's trial is scheduled to begin on February 27, 2023.

Nearly all of the charged offenses relate to Ms. Pilisuk's sexual encounters with MV1, beginning when he was approximately eleven years old. *See* Dkt. No. 1 (complaint). MV1 lived in Ms. Pilisuk's household until social services removed him from her care in March 2019. *Id.* ¶¶ 30, 41. The Government seeks to admit evidence of Ms. Pilisuk's uncharged sexual offenses against MV1 that allegedly occurred prior to and between the charged offenses under Federal Rule of Evidence 414, or alternatively, Rule 404(b). Dkt. No. 55. The Government states that the only way it can "tell the story of this case" is by "telling the story of Pilisuk's complete history with this victim." *Id.* at 7.

The Government's motion details specific instances of sexual conduct between Ms. Pilisuk and MV1 that are separate from the conduct for which she faces criminal charges. *Id.* at 4–5. Each of the instances described took place in Ms. Pilisuk's Seattle home, and one of them was reported to authorities by an adult witness. *Id.* at 4. Part of the narrative the Government may wish to share at trial is MV1's report, in response to the question of how many sexual interactions he had with Ms. Pilisuk, that the instances numbered "more than [he] could count." *Id.*

## II.    DISCUSSION

The Government moves to introduce evidence of Defendant having sexual contact and intercourse with MV1 prior to and between the offenses charged in the Indictment. The Government argues that the evidence it seeks to introduce is relevant under FRE 401 and 402 and admissible under FRE 414 and 404(b). Dkt. No. 55. Defendant does not contest these arguments in her response. Dkt. No. 64. The full extent of Defendant's argument in her response is: "The government acknowledges that caselaw allows the court to exclude Rule 414 & 404(B) [*sic*] evidence, and the defense would ask the court to weigh the relevant factors, and believes the court will conclude that the proffered evidence is not admissible, since its probative value is substantially outweighed by the danger of unfair prejudice." *Id.* at 1–2. As Defendant concedes the relevance and admissibility of the evidence the Government seeks to introduce and only argues that relevant evidence can be excluded under FRE 403, the Court will only address whether the probative value of the evidence is substantially outweighed by the danger of unfair prejudice.

### A.    Conditional Relevance under FRE 104

As a preliminary matter, the admissibility of evidence of other acts under FRE 404(b) and FRE 414 is governed by the conditional relevance standard set forth under FRE 104(b). Such evidence is properly admitted if "the jury could reasonably find the conditional fact . . . by a preponderance of the evidence." *United States v. Norris*, 428 F.3d 907, 913–14 (9th Cir. 2005) (quoting *Huddleston v. United States*, 485 U.S. 681, 690 (1988)). The Court finds that the Government's proffered evidence easily meets this standard and that a jury could reasonably find that Defendant committed the other acts at issue by a preponderance of the evidence.

1

**B.      Admissibility of Evidence in Light of FRE 403**

2

**1.      The Legal Standard**

3

Generally, evidence of other bad acts by a criminal defendant cannot be admitted at trial

4 to show that the defendant committed the charged crime (*i.e.*, as propensity evidence). *United*

5 *States v. Halamek*, 5 F.4th 1081, 1089 (9th Cir. 2021) (summarizing FRE 404(b)(1)). However,

6 FRE 414 provides an exception in criminal cases in which a defendant is accused of child

7 molestation. FRE 414 provides that in such cases, "the court may admit evidence that the

8 defendant committed any other child molestation," which "may be considered on any matter to

9 which it is relevant." Fed. R. Evid. 414(a).

10

Otherwise-admissible evidence is still subject to exclusion under FRE 403 if "its

11 probative value is substantially outweighed by a danger of . . . unfair prejudice . . . ." Fed. R.

12 Evid. 403. The Ninth Circuit has established a non-exhaustive factor test to be used when

13 determining whether FRE 414 evidence should be excluded under FRE 403:

14          (1) the similarity of the prior acts to the acts charged, (2) the closeness in time of
            the prior acts to the acts charged, (3) the frequency of the prior acts, (4) the
15          presence or lack of intervening circumstances, and (5) the necessity of evidence
            beyond the testimonies already offered at trial.
16

17 *Halamek*, 5 F.4th at 1089 (quoting *United States v. LeMay*, 260 F.3d 1018, 1022 (9th Cir. 2001)).

18

**2.      Application of the Legal Standard**

19

Though FRE 414 would allow inclusion of the uncharged conduct that the Government

20 seeks to admit,[1] the evidence may be excluded if its probative value is substantially outweighed

21 by risk of unfair prejudice. *See Halamek*, 5 F.4th at 1089. Applying the Ninth Circuit's balancing

22

23

24 [1] The Court has independently determined that FRE 414 would apply in this case because Defendant is accused of child molestation, as defined by the Rule. *See* Fed. R. Evid. 414(a), (d).

1  test to the facts of this case, the Court finds that the probative value of the uncharged conduct is

2  not substantially outweighed by the danger of unfair prejudice.

3  First, the charged and uncharged conduct are incredibly similar, as both involve the same

4  types of sexual contact between Ms. Pilisuk and MV1, though the uncharged conduct occurred

5  within the state of Washington's borders. Second, the uncharged conduct occurred prior to and

6  between the charged conduct—all of which occurred within a span of about three years—so prior

7  acts were sufficiently close in time to the acts charged to be relevant. Third, the frequency of the

8  prior acts also support admission because they support a pattern of behavior versus an isolated

9  incident or an aberration. Fourth, there is no evidence of intervening circumstances that diminish

10  the relevance of the prior acts—nor has Ms. Pilisuk attempted to raise any such evidence (*see*

11  Dkt. No. 64).

12  Finally, Ms. Pilisuk is expected to contest the credibility and veracity of MV1's

13  testimony regarding her sexual abuse of him. The evidence at issue "need not be *absolutely*

14  *necessary* to the prosecution's case in order to be introduced; it must simply be helpful or

15  *practically necessary*." *LeMay*, 260 F.3d at 1029 (emphases in original). The Court finds that the

16  evidence at issue will be helpful and practically necessary for the Government's case to establish

17  Defendant's sexual interest in the specific conduct with the specific victim. *See United States v.*

18  *Thornhill*, 940 F.3d 1114, 1121 (9th Cir. 2019) (affirming inclusion of prior act evidence as

19  "necessary for the Government's case, because it tends to prove the defendant's sexual interest in

20  the specific conduct . . . which in turns makes it more likely that the defendant . . . [committed

21  the crimes] charged in the indictment." (citation omitted)). As the Court rules that the evidence

22  can be admitted pursuant to Rule 414, it need not reach the Government's alternative argument

23  regarding admissibility under Rule 404(b).

24

1    **C.    Provisional Sealing**

2           Because this Order relies on materials filed under seal, the Court shall provisionally file it

3    under seal. The Court ORDERS the Parties to meet and confer regarding which, if any, portions of

4    this Order they seek to redact. Counsel must then submit one joint statement—or, if they cannot

5    agree, competing statements—indicating the portions of the Order they seek to redact and on

6    what basis. *See Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179–80 (9th Cir. 2006);

7    *see also* LCR 5(g). The statement(s) must attach a proposed redacted order incorporating any

8    redactions requested. The Parties must file these statement(s) within **seven (7) days** of this

9    Order.

10                              **III.    CONCLUSION**

11          For the reasons above, the Court GRANTS the Government's motion (Dkt. No. 55) to

12   admit evidence under Federal Rules of Evidence 414 and 404(b). The Clerk of the Court is

13   DIRECTED to provisionally file this Order under seal.

14          Dated this 27th day of January 2023.

15

16                                             Tana Lin
                                               United States District Judge
17

18

19

20

21

22

23

24